# UNITED STATES DISTRICT COURT
## Western District of Texas
## Waco Division

| | | |
|---|---|---|
| ROXANNE GARCIA-SNODGRASS §§§§§ *Plaintiff* § § v. § § CMRE FINANCIAL SERVICES, INC. §§§§ *Defendant* | | 6:21-cv-846<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT

1. Plaintiff Roxanne Garcia-Snodgrass sues for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Chapter 392, to obtain actual damages, statutory damages, injunctive relief, costs and a reasonable attorney's fee for the Defendant's violations of the FDCPA and the TDCA.

## VENUE

2. Venue is proper in the United States District Court for the Western District of Texas, Waco Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## THE PARTIES

3. Plaintiff Roxanne Garcia-Snodgrass ("**Garcia-Snodgrass**") is an individual residing in Bell County, Texas.

4. Defendant CMRE Financial Services, Inc. ("**CMRE**") is a corporation organized and existing under the laws of the State of California. CMRE may be served by serving its registered agent at the following address:

> Cogency Global Inc.
> 1601 Elm Street, Suite 4360
> Dallas, TX 75201

## FACTUAL ALLEGATIONS

5. Garcia-Snodgrass resides in Killeen, Texas.

6. Garcia-Snodgrass incurred a debt for medical services to Seton Medical Center.

7. The debt went into default.

8. The debt was placed with CMRE for collection.

9. CMRE made efforts to collect.

10. Garcia-Snodgrass paid the debt on March 11, 2021.

11. CMRE sent Garcia-Snodgrass a collection letter dated April 28, 2021.

12. The April 28, 2021 letter demanded payment of $153.40

and stated the amount was past due.

13. Garcia-Snodgrass notified CMRE by mail that the debt was paid.

14. Garcia-Snodgrass incurred actual damages by paying postage to notify CMRE the debt was already paid.

15. Garcia-Snodgrass's response states, "This debt is not owed according to the original creditor."

16. This notification was a "dispute".

17. CMRE received this dispute on July 12, 2021.

18. CMRE responded to this notification by sending an itemized statement to Garcia-Snodgrass and again demanding payment of $153.40.

19. The itemized statement CMRE sent states, "Current Hospital Account Balance: 0.00".

20. The itemized statement CMRE sent shows Garcia-Snodgrass paid $153.40 on March 11, 2021.

21. CMRE reported information regarding the alleged debt to one or more credit bureaus after receiving her written dispute.

22. When CMRE communicated credit information regarding Garcia-Snodgrass's alleged debt to one or more credit reporting

agencies, it communicated information it should have known to be false.

23. The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

24. The alleged debt is a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

25. Garcia-Snodgrass is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

26. Garcia-Snodgrass is a "consumer" as that term is defined by § 392.001(1) of the TDCA.

27. CMRE is a "debt collector" as defined by § 1692a(6) of the FDCPA.

28. CMRE is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

## COUNT I-II. VIOLATION OF THE FDCPA § 1692e

29. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

30. Section 1692e of the FDCPA states:

```
    A debt collector   may    not use any    false,
deceptive, or misleading representation or means in
connection with the collection of any debt. Without
limiting the general application of the foregoing,
the   following   conduct   is   a violation of   this
section:
    (2) The false representation of—
        (A) the character, amount, or legal status
of any debt;
    []
    (8) Communicating or threatening to communicate
to any person credit information which is known which
should be known to be false, including the failure
to communicate that a disputed debt is disputed.
```

31. CMRE violated § 1692e(2) of the FDCPA by making a false representation of the amount owed.

32. CMRE violated § 1692e(8) of the FDCPA by communicating credit information to at least one credit reporting agency it should have known to be false.

## COUNT III. VIOLATION OF TDCA § 392.202

33. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

34. CMRE violated § 392.202 of the TDCA by failing to conduct a reasonable investigation after receiving Garcia-Snodgrass's written notice of inaccuracy.

## REQUEST FOR RELIEF

35. Plaintiff requests this Court award her:

   a. Actual damages;

   b. Statutory damages of $1000 for CMRE's violations of the FDCPA;

   c. Statutory damages of not less than $100 for each of CMRE's violations of the TDCA under TDCA § 392.403(e);

   d. Injunctive relief under TDCA § 392.403(a)(1);

   e. Costs; and

   f. A reasonable attorney's fee.

## **JURY DEMAND**

Plaintiff demands trial by jury.

> Respectfully Submitted,
> By: s/Tyler Hickle
> Plaintiff's Attorney

Tyler Hickle, SBN 24069916
Law Office of Tyler Hickle, PLLC
4005C Banister Lane, Ste. 120
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tyler@hicklepllc.com